# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALICIA A. EPPS,<br>    Plaintiff, | Case No. 1:19-cv-968<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CARL LINDER, III, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, purports to bring this action on behalf of herself and thousands of families living in the West End neighborhood of Cincinnati against Carl Linder, III and others. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no

arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

2

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

> Plaintiff's pro se complaint alleges the following:
>
> Plaintiff Alicia A. Epps, Pro Se, respectfully files this Complaint seeking Declaratory and Injunctive Relief alleging Injury and Damages not only to herself but to Thousands of families or person of Low Income in the West End a source of affordable Housing since 1933, affected by Defendants participating in a pattern or practice of Discrimination, violating Civil Rights guaranteed by US Constitution, violating numerous State and Federal Laws.
>
> For over a decade past and present Mayors, and City Council members of Defendant City of Cincinnati never insisted, suggested, allotted funding for Defendant Cincinnati Metropolitan Housing Authority, political subdivision and housing authority never replaced Low Income Housing leaving abandoned and empty Lots throughout Lincoln Court and Laurel Homes in the West End.
>
> Disposing of Real property, Public land reserved for Low Income Housing owner US Government, Manager, Developer TCB, between 1998-2003, leaving empty and abandoned Lots throughout West End during HOPE VI, a housing project, estimated cost $78 Million, City of Cincinnati contributed $6.2 Million, located throughout Lincoln Courts and Laurel Homes, Unlawful use Public land sold or traded to FCC in 2018, abandoned years ago needed for Low Income Housing contributing to Homelessness.
>
> Defendants conspiracy to buy, sell, trade, demolish, profit, from abandoned Low Income Housing and the Public Land, surrounding abandoned empty Lots in the West End from CMHA, evicting current residents families or persons of Low Income, Defendants conduct have negative effect on Low Income Housing in the West End and Hamilton County, families or person of Low Income unknowingly placed on CMHA, five year waiting list, may have conducted Unlawful evictions throughout the years in a[n] attempt to clear waiting list.

Families or person of Low Income needing, and depending on Low Income that does not exist, further causing a Low Income Housing shortage buying, selling, trading demolishing, profiting from land owned by United States Government violating Plaintiff Civil Rights and constitutionally protected interest in Low Income Housing benefit to fully participate in Federally funded housing program.

Plaintiff now Fifty-five years old, raised in the West End, presently homeless a total of Fifteen years out of Thirty years of renting in Hamilton County, during the Thirty years of renting have endured five evictions, three from Low Income subsidized Housing 1998, 2003, 2014, knows that past evictions were Unlawful and not her fault, she another victim of Defendants outrages conduct, all the evictions occurring between time of HOPE VI in 1998, and FCC deal in 2018.

Plaintiff alleges Defendants to have manipulated Low Income Housing and abandoned Lots or Public land in the West End, and Hamilton County, originally Housing for families or person of Low Income permanently replacing with new Two Hundred Million Dollar Professional Soccer Stadium 100% private financed Thirty-Six Million Dollars from City of Cincinnati, Fifteen Million Dollars from Hamilton County Commissioners for infrastructure package and FCC, parking and expected to cost Taxpayer additional Two-Hundred Million Dollars over the next twenty years, elected Official using their position to participate in conduct jeopardizing health and safety of the Public, State ethics guidelines prohibit elected Officials from engaging in conduct that reasonably could appear to place personal interests above Public good.

Families or person of Low Income in the West End, and Hamilton County needing benefit of Federally funded Housing guaranteed under 5th and 14th Amendment of the US Constitution denied by Defendants CMHA, high eviction rate combined with buying selling, trading, demolishing, profiting, from Public land a residential area, Housing for families or person of Low Income since 1933.

Defendants for years ignored CMHA waiting list, represent Five year wait as normal for Federally funded Housing, it is not normal to have to wait five years for Federally funded Housing that in itself is Homelessness, despite the Plaintiff paying rent, is person of Low Income, eligible for Federally funded Low Income Housing added to Waiting list in 2014 no available Housing demolished in the past as well as present not replaced.

Defendants conduct involve numerous accusations of impropriety, corruption against numerous Defendants including past and present Mayors, City Council members of Defendant City of Cincinnati, actively involved in FCC deal 2018, conspiracy under Color of Law depriving Plaintiff Civil Rights guaranteed by the Constitution contributing to the ongoing Low Income Housing shortage.

(Doc. 1, Complaint at PAGEID#: 8-10). Plaintiff's complaint continues in a similar vein for 24 pages. The complaint alleges that defendants have violated the National Recovery Act of 1933, the Federal Housing Act of 1937, the Civil Rights Act of 1866, 1937, and 1964, and the United States Constitution and Ohio state law. Plaintiff alleges that defendants have engaged in a pattern and practice of discrimination by denying low income families the benefits of federal housing programs; intentionally conspired to acquire public lands for profit through the sale of public land for a professional soccer stadium; and "[d]eceitfully abandoned after redevelopment plans produced less Low Income Housing originally planned resulting in empty, abandoned Lots throughout Lincoln Courts and Laurel Homes. . . ." (*Id*. at PAGEID#: 28). As relief, plaintiff requests two billion dollars in damages and the return of public housing to the residents of the West End.

As an initial matter, to the extent plaintiff claims that defendants violated the rights of other West End residents by their actions, plaintiff lacks standing to raise the claims of others. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) ("[s]tanding . . . embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . ."). By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654. Although plaintiff purports to represent thousands of families living in the West End, she is not a lawyer and may not represent any other individuals in this matter. *See Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lena-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 F. App'x 344 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994). Therefore, plaintiff

5

may not assert the rights of others in this case.

In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g.*, *Hurt v. United States*, No. 1:13-cv-432, 2014 WL 184238, at *2 (S.D. Ohio Jan. 14, 2014) (citing *Keyway Leasing Trust v. U.S.*, No. 1:98-cv-796, 1999 WL 810386, at *2 (W.D. Mich. Aug. 26, 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991)). Plaintiff is the only individual who signed the complaint in this case. Accordingly, the complaint is construed as being brought solely by plaintiff Epps.

Plaintiff's complaint fails to allege any facts showing that defendants violated her rights under federal law such that this Court would have jurisdiction over this matter. Plaintiff's pro se complaint is rambling and difficult to decipher. Plaintiff's complaint generally alleges sweeping and conclusory claims of discrimination, conspiracy, and corruption by "defendants," and she appears to contest the lack of affordable housing in the West End and the use of public land to build a professional soccer stadium. However, the complaint provides no factual content or context from which the Court may reasonably infer that defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. Although the Court liberally construes pro se litigant filings, dismissal of a complaint is appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations

6

omitted)).  Plaintiff has not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against defendants.  *Twombly*, 550 U.S. at 555.  The Court is unable to discern from plaintiff's conclusory assertions what defendants specifically did, or failed to do, that caused her injury and violated her rights under federal law.  The complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date:  11/25/19                                               *s/Karen L. Litkovitz*
                                                              Karen L. Litkovitz, Magistrate Judge
                                                              United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA A. EPPS,            Case No. 1:19-cv-968
    Plaintiff,                  Barrett, J.
                           Litkovitz, M.J.
   vs.

CARL LINDER, III, et al.,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).