# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALICIA A. EPPS,<br>    Plaintiff, | Case No. 1:19-cv-968<br>Barrett, J.<br>Litkovitz, M.J. |
| vs. | |
| CARL LINDER, III, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

On November 25, 2020, the undersigned issued a Report and Recommendation to the district judge recommending that plaintiff's pro se complaint be dismissed because it failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  (Doc. 3). Plaintiff was advised that she had 14 days to file objections to the Report and Recommendation. (Doc. 3 at 8).  Plaintiff failed to file any objections, and on December 10, 2019, the district judge adopted the Report and Recommendation, dismissed plaintiff's complaint, and entered judgment in this matter.  (Docs. 4, 5).  Over eight months later, plaintiff filed motions to amend the complaint, for preliminary injunction, and for leave to proceed in forma pauperis.  (Docs. 6, 7, 8).  For the reasons that follow, plaintiff's motions should be denied.

Plaintiff's motion for leave to amend her complaint was filed after the entry of judgment against her.  "When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden [than if the party sought to amend a complaint beforehand].  Instead of meeting only the modest requirements of Rule 15, the [plaintiff] must meet the requirements for reopening a case established by Rules 59 or 60."  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv*., 616 F.3d 612, 616 (6th Cir. 2010) (citing *In re Ferro Corp. Derivative Litig*., 511 F.3d 611, 624 (6th Cir. 2008); *United States ex rel. SNAPP, Inc. v. Ford Motor Co*., 532 F.3d 496, 507 (6th Cir. 2008)).  Thus, plaintiff's motion to amend the complaint will be construed as

including a request to alter or amend the judgment under Fed. R. Civ. P. 59 and/or motion for relief from judgment under Fed. R. Civ. P. 60.

First, any request to alter or amend the judgment under Rule 59 is untimely. Pursuant to Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed within 28 days after entry of the judgment. Judgment was entered in this case on December 12, 2019. (Doc. 5). Plaintiff's motion was filed some seven months after this deadline expired. Therefore, the motion to alter or amend the judgment should be denied.

Second, plaintiff has not shown that relief from judgment pursuant to Fed. R. Civ. P. 60(b) is warranted. Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

Plaintiff has not addressed any of the six reasons set forth in Rule 60(b) to justify relief from judgment in this case. Nor has she alleged any facts which suggest that relief from judgment is warranted in this case. It appears from plaintiff's motion to amend that she wishes

2

to bolster her original complaint with additional allegations, but she has not set forth any reasons justifying her failure to address her deficient complaint before judgment was entered against her. She did not file objections to the Report and Recommendation, nor did she file a timely appeal from the Court's adverse ruling.  *See Steinhoff v. Harris*, 698 F.2d 270, 275 (6th Cir. 1983) ( "A motion under Rule 60(b) cannot be used to avoid the consequences of a party's decision to . . . forego an appeal from an adverse ruling.").  A plaintiff "who seeks to amend a complaint after losing the case must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar*, 616 F.3d at 617.  Plaintiff has not provided any explanation to justify the reopening of this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's motion to amend the complaint (Doc. 6) be DENIED.

2.  Plaintiff's motions for preliminary injunction and for leave to proceed in forma pauperis (Docs. 7, 8) be DENIED as moot.

3.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 11/16/2020

*Karen L. Litkovitz*
Karen L. Litkovitz, Magistrate Judge
United States District Court

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA A. EPPS,  Case No. 1:19-cv-968
    Plaintiff,  Barrett, J.
                                   Litkovitz, M.J.
   vs.

CARL LINDER, III, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).