UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALICIA A. EPPS,

        **Plaintiff,**

   v.

CARL LINDNER, III, *et al.*,

        **Defendants.**

Case No. 1:19-cv-968
JUDGE DOUGLAS R. COLE
Magistrate Judge Karen Litkovitz

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's November 17, 2020, Report and Recommendation ("Second R&R") (Doc. 9) and Alica E. Epps's Objection (Doc. 11) to that Second R&R. The Magistrate Judge recommends that the Court **DENY** Epps's: (1) Motion to Amend Complaint (Doc. 6); (2) Motion for Preliminary Injunction (Doc. 7); and (3) Motion for Leave to Proceed in forma pauperis (Doc. 8) (collectively, "Motions"). For the reasons more fully set forth below, the Court **ADOPTS** the R&R (Doc. 9), **OVERRULES** the Objection (Doc. 11) and **DENIES** the Motions (Docs. 6–8).

## BACKROUND

On November 13, 2019, Alica A. Epps filed a pro se Complaint (Doc. 1-1), a Motion for a Temporary Restraining Order (Doc. 1-4), and a Motion for Copies (Doc. 1-3), purportedly on behalf of herself and thousands of families living in Cincinnati's West End neighborhood. She named as Defendants the City of Cincinnati, along with several individuals in their "official capacity" who are (or were) affiliated either with

(1) FC Cincinnati (Cincinnati's Major League Soccer team), including the team's CEO and President, or (2) Cincinnati's city government, including the Mayor and Cincinnati City Council members (collectively, "Defendants"). Epps's Complaint spanned 441 paragraphs and alleged sweeping claims of discrimination, conspiracy, and corruption by Defendants. Epps alleged, for example, that Defendants engaged in a pattern and practice of discrimination by denying low-income families the benefits of federal housing programs and conspiring to profit off public land by selling it to build a soccer stadium. (*See* 11/25/19 R&R ("First R&R"), Doc. 3, #79[1]). She claimed that Defendants' alleged conduct violated (among other laws) the United States Constitution, the Ohio Constitution, the National Recovery Act of 1933, the Federal Housing Act of 1937, and the Civil Rights Acts of 1866, 1937[2] and 1964. (*Id.*).

The Magistrate Judge conducted a sua sponte review of the Complaint under 28 U.S.C. § 1915(e)(2)(B). (*See id.*). According to that provision, for plaintiffs proceeding in forma pauperis, the court "shall dismiss the case at any time if the court determines" that "the action or appeal" is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief."

The Magistrate Judge began the First R&R by finding that Epps could not represent anyone other than herself. This followed from the fact that Epps (1) had no standing to raise the claims of others, (2) was not a lawyer and thus incapable of

---

[1] Refers to PageID#.
[2] Contrary to Epps's suggestion in her Complaint, there appears to be no federal law known as the Civil Rights Act of 1937.

2

representing other individuals as counsel in this matter, and (3) was the only person who had signed the Complaint in the case. (First R&R, Doc. 3, #79–80). The Magistrate Judge thus construed the Complaint as being brought solely by Epps.

Turning to the merits, the Magistrate Judge explained in the First R&R that Epps's complaint was "rambling and difficult to decipher." (*Id.*). It "provide[d] no factual content or context from which the Court [could] reasonably infer that defendants violated plaintiff's rights." (*Id.*). As a result, the Magistrate Judge was "unable to discern from plaintiff's conclusory assertions what defendants specifically did, or failed to do, that caused her injury and violated her rights under federal law." (*Id.* at #81). The first several lines of the Background section from Epps's Complaint illustrate the Magistrate Judge's point[3]:

> Plaintiff Alicia A.Epps Pro se, respectfully files this Complaint seeking Declaratory and injunctive Relief, some allegations/evidence Public knowledge alleging Injury and Damages to families or person of Low Income in WestEnd source of affordable Housing since *National Recovery Act1933 NRA,* and *Federal Housing Act 1937 FHA,* violating *Civil Rights Act 1866, 1937, 1964, under 42 U.S. Code§Title 1983*, to *42U.S. Code§Title1983,* to *42U.S. Code§Title1985,* guaranteed by *section Nine 5th Amendment article One, clause Eight* and *section One 14th Amendment article IV, State Relation section II, clause* of U.S. Constitution stands for the principal that Government must respect fundamental rights owed its citizens, The 1868 *equal protection clause* in the *5th* and *14th Amendment, Due process section II Ohio Constitution*, past, present Mayors and City Council members of Defendant City of Cincinnati engaging in practice or pattern of Discrimination denying families or person of low Income the opportunity to engage in or benefit from Federally funded Housing to protect Independence of person, violating numerous State and Federal Laws under *18 U.S.Codes§Title241, 18U.S.Codes§ Title242* conduct

---

[3] For this and other excerpts of Epps's filings throughout this Opinion & Order, the Court leaves virtually all of Epps's spelling, syntax, and formatting choices intact.

> Premeditative constituting *R.C.2921* to 112.*R.C.2921.42, O.R.C.21913.02(A)(2), O.R.C.2923.32(2)(3).*

(Complaint, Doc. 1-1, #16).

While acknowledging that courts construe pro se litigant filings liberally, the Magistrate Judge noted that "dismissal of a complaint is appropriate when it fails to 'contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" (*Id.* (quoting *Hendrock v. Gilbert*, 556 F. App'x 573, 574 (6th Cir. 2003))). Because Epps's Complaint failed to "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory," the Magistrate Judge recommended dismissing the Complaint for failure to state a claim. In addition, the Magistrate Judge recommended that the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting the Magistrate Judge's R&R would not be taken in good faith and that the Court should therefore deny Epps leave to appeal in forma pauperis.

Importantly, Epps did not object to the Magistrate Judge's First R&R (either within the specified time (14 days) or subsequently). As a result, the Court later adopted the First R&R in its entirety (*See* 12/10/19 Order, Doc. 4). Consistent with the Magistrate Judge's recommendation, the Court dismissed Epps's Complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Court also certified that an appeal of its Order would not be taken in good faith and thus denied Epps leave to appeal in forma pauperis under 28 U.S.C. § 1915(a)(3). (*See id.*, #83). The Court's Order also had the effect of mooting

4

Epps's Motion for a Temporary Restraining Order and her Motion for Copies. *Hairston v. Smith*, No. 2:18-CV-826, 2018 WL 4599905, at *5 (S.D. Ohio Sept. 25, 2018), report and recommendation adopted by Case No. 2:18-cv-826, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018). Based on its Order, the Court also entered a final judgment. (Doc. 5).

But that was not the end of this case. Approximately eight months later, Epps filed three more motions in this (now-closed) case: (1) a Motion to Amend her Complaint (Doc. 6); (2) a Motion for a Preliminary Injunction (Doc. 7); and (3) a Motion for Leave to Proceed in forma pauperis (Doc. 8). On November 17, 2020, the Magistrate Judge addressed these Motions in a second R&R (the "Second R&R") (Doc. 9).

The Second R&R explained that "[w]hen a party seeks to amend a complaint after an adverse judgment, it [] must shoulder a heavier burden [than if the party sought to amend a complaint beforehand]." (Second R&R, Doc. 9, #224 (third alteration in original) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010))). "Instead of meeting only the modest requirements of Rule 15, the plaintiff must meet the requirements for reopening a case established by Rules 59 or 60." (*Id.* (alteration omitted) (quoting *Leisure Caviar*, 616 F.3d at 616)). Accordingly, the Magistrate Judge construed Epps's Motion to Amend her Complaint as a request to alter or amend the Court's judgment under Rule 59, and/or a motion for relief from judgment under Rule 60.

5

The Magistrate Judge concluded that Epps was not entitled to relief under either Rule. As the Magistrate Judge explained, any request to alter or amend the judgment under Rule 59 was untimely. Rule 59(e) requires that a motion to alter or amend a judgment be filed within 28 days after entry of judgment. Epps filed the Motions some seven months after that deadline had expired, and thus relief under Rule 59 was no longer available.

Epps also failed to show that she was entitled to relief under Rule 60. As relevant here, that Rule says that "the court may relieve a party or its legal representative from a final, order, or proceeding for the following reasons":

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The catchall provision contained in Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989).

Epps failed to address *any* of these six reasons for justifying relief under Rule 60. Nor did she allege any facts which suggested that relief from judgment was warranted in this case. Her Motion to Amend indicated that she merely "wishe[d] to bolster her original complaint with additional allegations." (Second R&R, Doc. 9,

6

#224–25). But the Second R&R concluded that a request to bolster did not suffice as a basis for granting Epps relief under any of the special circumstances that Rule 60 addresses. (*Id.*); *see also Leisure Caviar*, 616 F.3d at 617 (holding that a plaintiff "who seeks to amend a complaint *after* losing the case must provide a compelling explanation to the district court for granting the motion"). As a result, the Second R&R recommended: (1) that Epps's Motion to Amend her Complaint be denied; (2) that her Motions for Preliminary Injunction and for Leave to Proceed in forma pauperis be denied as moot; and (3) that the Court deny her leave to appeal in forma pauperis. Epps filed a timely Objection (Doc. 11, "Obj."), which is now ripe for this Court's review

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12cv748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with

7

the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Epps's Objection offers no sound reason for departing from the Magistrate Judge's Second R&R. Much like Epps's original Complaint (and her "Motion"[4]), Epps's Objection is "rambling and difficult to decipher." (First R&R, Doc. 3, #80). And the few "arguments" that the Court can discern from it lack any merit.

As best as the Court can tell, she seems to press five objections. First, she claims that, at the time of the First R&R, the Court was not aware of the affidavit she had filed in support of her claim for preliminary injunction. (Obj., Doc. 11, #230). But, as far as the Court can tell, the First R&R did not rely on any alleged failure on Epps's part to file an affidavit as the basis for the ruling there. Nor did Epps object to the First R&R, meaning she waived any complaints she may have had about it. And, in her more recent motion for leave to amend, it does not appear she raised the affidavit issue, either, waiving any such argument once again. Thus, even if the Magistrate Judge had missed her affidavit (which the Court doubts, as it was on the docket), Epps cannot rely on that as a basis to reopen her case under Rule 60(b) now, or as a basis to attack the Second R&R.

Epps then lists an additional "four issues for objections." (Obj., #230). Her first objection in that list is that the Second R&R "den[ied] [her] motion to alter or amend a final judgment." (*Id.*). That is a true statement, but does not set forth an objection. Thus, it provides Epps no basis for relief.

---

[4] Epps's "Motion" is stylized as a proposed Amended Complaint.

8

She next appears to argue that the Court could not deny her motions for preliminary injunction or leave to proceed in forma pauperis, without first providing each defendant a copy of the complaint. (*Id*.). She cites no law for that proposition. On the contrary, some district courts in this Circuit have concluded that they "are *required* under 28 U.S.C. § 1915(e)(2)(B) to screen and dismiss *before service* any *in forma pauperis* action that … fails to state a claim on which relief may be granted." *Tum-Re v. Keel*, No. 3:15-CV-2708, 2016 WL 2990944, at *1 (N.D. Ohio May 24, 2016) (first emphasis added); *accord Williams v. Zuercher*, No. 09-CV-127, 2010 WL 420066, at *4 (E.D. Ky. Feb. 1, 2010); *Floyd v. Cleland*, No. CIV. 2:07-CV-13749, 2007 WL 2822796, at *1 (E.D. Mich. Sept. 25, 2007). And that tracks the mandatory language of the statute, which says that a district court "*shall* dismiss the case at any time if the court determines that" the filing "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (emphasis added).

Other courts suggest that district courts are not necessarily *required* to dismiss such a case before service but rather "may" do so. *See, e.g., Sanders v. Griefin*, No. 07-CV-14206-DT, 2007 WL 4181657, at *1 (E.D. Mich. Nov. 27, 2007) ("Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court *may* dismiss a complaint before service on the defendants if it is satisfied that the action is frivolous, malicious, [or] if it fails to state a claim upon which relief may be granted…."); *Sammuour v. Wayne Cty. Prosecutor's Office*, No. 06CV15197 DT, 2007 WL 405698, at *1 (E.D. Mich. Jan. 31, 2007) (same).

Either way, though, the Court is not aware of any authority (in this Circuit or elsewhere) that says courts *cannot* dismiss an action under US.C. § 1915(e)(2)(B) before a defendant has been served. Certainly the statute says nothing about waiting to make those determinations under the Complaint is served. Thus, the Court rejects Epps's timing-based objection.

Next, Epps seems to argue that she is likely to succeed on the merits, and so is entitled to a preliminary injunction, because, after she filed her original Complaint, "three City Council members have been indicted on unrelated Federal charges one sentenced, other two are named Defendants in this case include's past elected officials Defendant 3." (Obj., Doc. 11, #230–31). The Court does not understand why Epps believes this allegation, which she concedes involves "unrelated Federal charges," helps her case. Regardless, it does nothing to explain why the Court should grant her relief under Rule 60(b).

Finally, Epps asserts that an "amended complaint supersedes original complaint." (Obj., Doc. 11, #231). While true, that is also beside the point. The issue is whether Epps should be allowed leave to amend her complaint—not the effect that an amended complaint has on the original complaint *if* the court grants leave to amend.

Beyond these objections, many of which are themselves difficult for the Court to follow, the remainder of Epps's Objection is largely incomprehensible. To the extent that the Court understands Epps's arguments, the Court concludes they provide no basis for departing from the Magistrate Judge's Second R&R.

## CONCLUSION

Based on the Court's de novo review of the record, the Court reaches the same conclusion as the Magistrate Judge on the appropriate path forward in this action. Accordingly, the Court **ADOPTS** the Second R&R (Doc. 9), **DENIES** Epps's Motion to Amend Complaint (Doc. 6), and **DENIES as MOOT** Epps's Motion for Preliminary Injunction (Doc. 7) and Motion for Leave to Proceed in forma pauperis (Doc. 8). Moreover, for the reasons stated in the Second R&R, the Court certifies that an appeal of this Order would not be taken in good faith and thus Epps is denied leave to appeal in forma pauperis. *See* 28 U.S.C. § 1915(a)(3). The case shall remain closed on the docket of this Court.

**SO ORDERED.**

December 22, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**